UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DE'ANDRE KENDRICK,

Plaintiff,

-against-

DONALD J. TRUMP,

Defendant.

25-CV-8934 (GBD)

ORDER OF DISMISSAL

**GEORGE B. DANIELS, United States District Judge:**

Plaintiff, who currently is incarcerated in the Indiana State Reformatory, in Pendleton, Indiana, brings this *pro se* action against President Donald J. Trump. By order dated July 21, 2026, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] For the following reasons, the Court dismisses this action.

## STANDARD OF REVIEW

Under the IFP statute, a federal district court must dismiss a complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The court also must dismiss a complaint when the court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1). By order dated January 5, 2026, another court determined that Plaintiff is barred, under the three-strikes provision of the Prison Litigation Reform Act, 28 U.S.C. § 1915(g), from filing a federal civil action IFP while a prisoner, unless he is under imminent danger of serious physical injury. *See Kendrick v. Proctor*, No. 25-CV-2605, 2026 WL 27598, at *2 (S.D. Ind. Jan. 5, 2026) (listing cases). Plaintiff filed this complaint on October 2, 2025, before he accumulated the three strikes on which that order is based. In other words, Plaintiff was not barred under Section 1915(g) when he filed this action.

Courts are obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted). Still, the "special solicitude" in *pro se* cases has its limits—to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. *Id.* at 475 (citation omitted).

**BACKGROUND**

The following facts are drawn from the complaint.[2] (ECF 1.) Plaintiff, who is "also known as Xavier Lavelle Andersen King Zay Zay," claims that he was "left very depressed," because he was not "made aware [of the] government name given to him by his deceased mother," his deceased mother's name, his date of birth, his Social Security number, or his place of birth. (ECF 1 at 2.) He also claims to be "good friends" with President Trump, to "admire[]" President Trump and his children, and to have "several business contacts active under a nondisclos[ure] agreement" with President Trump. (*Id.*) According to Plaintiff, President Trump has "in his possession" Plaintiff's birth date, Social Security number, "account information," mother's name, and information about Plaintiff's siblings and biological father, Noble Drew Ali, a "Moorish American founder." (*Id.*)

Plaintiff alleges that, by withholding this information from him, President Trump is violating his Eighth Amendment right to be free from cruel and unusual punishment, and he seeks to have over $9 million added to his Inmate Trust Fund account, and to have President Trump mail

[2] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

to him his birth records, photographs, information about his family, and a copy of the nondisclosure agreement between them. (*Id.* at 3.)

Since filing the complaint, Plaintiff has filed a number of documents, including letters and motions. (ECF 5, 8, 10-15, 17-19.) The Court construes these submissions as seeking the sealing of the docket; service of the complaint; leave to file an amended pleading; leave to file a change of address; leave to file a motion for summary judgment; and appointment of counsel. These motions do not contain any facts or allegations showing why Plaintiff seeks such relief or why he is entitled to it. (*Id.*)

**DISCUSSION**

The IFP statute requires a court to dismiss a complaint, or any portion of a complaint, if it determines that the action is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i). A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston*, 141 F.3d at 437 ("[A]n action is frivolous when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory." (internal quotation marks and citation omitted)); *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011).

Even when read with the "special solicitude" due to *pro se* pleadings, *Triestman*, 470 F.3d at 474-75, Plaintiff's complaint lacks an arguable basis either in fact or in law, *see Neitzke*, 490 U.S. at 324-35. Plaintiff alleges that President Trump is violating his Eighth Amendment rights by withholding from him information and documents about Plaintiff's personal life and about an alleged nondisclosure agreement between them. The Court is unable to identify (1) any legal basis for his claims against Defendant, or (2) any legal theory on which Plaintiff may proceed against

Defendant. *See Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437. The Court therefore dismisses the complaint as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Dolan v. Connolly*, 794 F.3d 290, 295 (2d Cir. 2015) (explaining that a court should not dismiss a *pro se* complaint "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." (quoting *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010)); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (holding that the court has the inherent power to dismiss without leave to amend or replead in instances "where . . . the substance of the claim pleaded is frivolous" on its face).

Because Plaintiff's claims are frivolous, and the defects in the complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend.

**A. Motion to seal**

The Court construes the motion to "remov[e]" documents from public view as a motion to seal. (ECF 5.) Both the common law and the First Amendment protect the public's right of access to court documents. *See Nixon v. Warner Comms., Inc.*, 435 U.S. 589, 597-99 (1978); *Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 91-92 (2d Cir. 2004). Under the common law, to determine whether a document relating to a lawsuit should be made available to the public, the court considers: (1) whether the document at issue is a "judicial document," to which the public has a presumptive right of access; (2) the weight of the presumption of access; and (3) the balance of competing considerations, such as the privacy interests of third parties and the risk of impairing judicial efficiency, against the presumption of access. *Lugosch v. Pyramid Co.*, 435 F.3d 110, 119-20 (2d Cir. 2006).

Complaints are considered judicial documents for the purpose of this analysis. *Bernstein v. Bernstein Litowitz Berger & Grossman LLP*, 814 F.3d 132, 139-40 (2d Cir. 2016). In terms of the weight of the presumption of access, "complaints have historically been publicly accessible by default and such access allows the public to 'understand the activity of the federal courts, enhances the court system's accountability and legitimacy, and informs the public of matters of public concern.'" *Haider v. Geller & Co. LLC* , 457 F. Supp. 3d 424, 427 (S.D.N.Y. 2020) (quoting *Bernstein*, 814 F.3d at 141).

Plaintiff makes no allegations about why his complaint, or any of his other submissions, should be sealed. He does not allege that there is a privacy or other concern that would warrant sealing, and his filings do not contain sensitive information that outweighs the strong presumption favoring public access to judicial documents. Accordingly, the Court denies the motion to seal.

**B. Other motions**

Because the Court accepted Plaintiff's address change, the motion to change his address is denied as unnecessary. In light of the dismissal of the complaint as frivolous, the Court denies the other motions on mootness grounds.

## CONCLUSION

Plaintiff's action, filed IFP 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). The Court directs the Clerk of Court to terminate all pending motions.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment.

SO ORDERED.

Dated: AUG 17 2026
New York, New York

George B. Daniels
GEORGE B. DANIELS
United States District Judge